



## MEMORANDUM OPINION

No. 04-10-00809-CR

Vidal **ALVARADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 240655
Honorable Olin B. Strauss, Judge Presiding

Opinion by: Phylis J. Speedlin, Justice

Sitting: Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: January 11, 2012

AFFIRMED

Vidal Alvarado was found guilty of driving while intoxicated. Alvarado appeals his conviction, arguing the trial court abused its discretion when it permitted the State to present expert witnesses not previously disclosed to Alvarado under a pretrial discovery order. We affirm.

**FACTUAL BACKGROUND**

On December 2, 2006, at approximately 10:30 p.m., police officers responded to an automobile accident in Bexar County. Witnesses testified that before emergency personnel arrived at the scene, Alvarado was lying unconscious near the vehicle. Once police officers arrived at the scene, they determined Alvarado was the automobile's driver. They also detected the smell of alcohol on Alvarado's breath and noted that he was incoherent and unsteady on his feet. Police asked Alvarado for a blood sample and he agreed to give a sample. Thereafter, emergency personnel transported Alvarado to Brooke Army Medical Center for treatment. At the hospital, Alvarado was combative but did give a blood sample which the police turned over to the Bexar County Medical Examiner's Office for a blood alcohol content test. The test results revealed that Alvarado's blood alcohol content was 0.26 at the time of his blood draw. Alvarado was charged with driving while intoxicated.

In preparation for trial, Alvarado filed a motion asking the State to disclose the names and addresses of any expert witness it planned to call at trial pursuant to TEX. CODE CRIM. PROC. ANN. art. 39.14 (West Supp. 2011). The court granted Alvarado's motion and ordered the State to disclose the names and addresses of its expert witnesses not later than the twentieth day before trial. The case was called to trial on November 1, 2010. Immediately after the jury was impaneled, Alvarado orally moved to bar any expert witnesses for the State because the State had not disclosed the names and addresses of any expert witnesses pursuant to the pretrial order. The prosecutor responded that he was unaware of the pretrial order, explaining that he had not been the prosecutor at the time the pretrial order was entered; the prosecutor stated he did intend to call expert witnesses as part of the State's case-in-chief. The trial court scheduled a hearing for the next day outside the presence of the jury. That evening, the State faxed the names and

addresses of its three expert witnesses to Alvarado's attorney. At the hearing, Alvarado argued that because the State failed to meet the pretrial order's disclosure date, its experts should be excluded, or, in the alternative, a twenty-day continuance should be granted to afford Alvarado's counsel adequate time to prepare a defense. The trial court denied Alvarado's motion in its entirety, stating on the record that the State's failure to comply with the pretrial order was not in bad faith and that there was little or no surprise to Alvarado.

Trial proceeded. Alvarado maintained that his behavior at the scene was the result of a closed head injury, evidenced by the fact that he fell unconscious after the accident and was continuing to suffer head injury symptoms at the time of trial. Over defense counsel's objections, the State presented the testimony of two expert witnesses—the senior toxicologist and the quality assurance officer with the Bexar County Medical Examiner's Office. Both testified about Alvarado's blood alcohol test results. The jury returned a guilty verdict and Alvarado was sentenced to 180 days in jail, probated for two years. Alvarado timely appealed.

On appeal, Alvarado asserts that the trial court abused its discretion in allowing the State's experts to testify because the State willfully violated its statutory duty to timely disclose its expert witnesses. He asserts the court's findings of a lack of bad faith by the State and reasonable anticipation and lack of surprise by Alvarado should not be dispositive when a statutory duty is violated. Further, Alvarado asserts the court should have given him the opportunity to prepare a fair defense to the expert testimony, and abused its discretion in denying his request for a twenty-day continuance.

## STANDARD OF REVIEW

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard, and we uphold the ruling if it is within the zone of reasonable disagreement.

*Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). Evidence willfully withheld from disclosure under a discovery order should be excluded. *Id.* In making such a determination, the relevant inquiry is whether the prosecutor acted with the specific intent to willfully disobey the discovery order. *Id.* at 727. Extreme negligence by the prosecutor or even recklessness with respect to the result of his actions does not rise to the level of willfulness required to exclude evidence. *See State v. LaRue*, 152 S.W.3d 95, 97 (Tex. Crim. App. 2004). We afford almost total deference to a trial court's determination of historical facts that are supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When there are no explicit findings of fact, we will assume the trial court made implicit findings that support its ruling as long as those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

## ANALYSIS

Alvarado contends the trial court abused its discretion by allowing the State's expert testimony based merely on a finding of lack of bad faith, without considering whether the prosecutor acted willfully. According to Alvarado, the prosecutor knew the State's case hinged on presenting Alvarado's blood alcohol level; at some point during pretrial preparation, the prosecutor made the conscious decision not to comply with the discovery order, thereby tacitly communicating that the State did not plan to use expert witnesses and causing Alvarado to detrimentally rely on that implicit communication. In support of his argument that the State's violation of the discovery order was willful, Alvarado relies on *Oprean*.

In *Oprean*, the Court of Criminal Appeals sought to determine whether the prosecutor acted with the specific intent to willfully disobey a discovery order when it failed to produce a

videotape of the defendant's prior DWI conviction. *Oprean*, 201 S.W.3d at 727. In reaching its decision, the court examined the prosecutor's statements and actions, noting that "intent is inferred from acts done and words spoken." *Id.* at 728. The court found two things "particularly unacceptable" about the prosecutor's conduct. *Id.* at 727. First, the court observed that on the night before the punishment phase began, the prosecutor, who had signed the original discovery order and thus knew its requirements, made an affirmative statement to defense counsel that she only intended to introduce the judgments and sentences from the defendant's previous DWI convictions. *Id.* Yet, the next morning, she introduced a video recording of one of the defendant's prior DWI offenses. *Id.* Second, the court found the prosecutor's explanation for not producing the videotape—there was no article 37.07 charge in the court's discovery order— to be meritless. "[T]he validity of the explanation offered by the prosecutor is a relevant factor that should be considered when determining willfulness." *Id.* at 728. Because the prosecutor knew about the discovery order and attempted to circumvent its requirements, she made a conscious decision to violate the plain directive of the discovery order. *Id.* After concluding that the prosecutor's conduct was a "calculated effort to frustrate the defense," the court held the trial court had abused its discretion in allowing the videotape into evidence. *Id.*

We find *Oprean* distinguishable from the instant case. The record before us clearly establishes that the State failed to timely disclose its expert witnesses. Once Alvarado informed the prosecutor that the State had not made the ordered disclosure, the prosecutor immediately faxed Alvarado a list of its three expert witnesses. Prior to that, and during the State's delinquency, the prosecutor made no express representation to Alvarado of any kind regarding the witnesses the State intended to call at trial. The prosecutor did notify defense counsel prior to trial that he intended to use Alvarado's medical records, which included blood test results,

when he filed a business records affidavit proving up Alvarado's medical records from the Brooke Army Medical Center emergency room. Unlike in *Oprean*, there is no evidence in this record of an affirmative misrepresentation by the prosecutor that expert witnesses would not be called by the State. Additionally, Alvarado cites us to no authority to support his position that the failure to disclose pursuant to a discovery order is an implicit representation that no witnesses will be called to testify and not merely a mistake, as claimed by the prosecutor. Because there is no evidence of conduct suggesting the prosecutor acted with the specific intent to disobey the court's discovery order, willfulness has not been shown. *See LaRue*, 152 S.W.3d at 96 (prosecutor's failure to turn over DNA evidence was willful with respect to the conduct itself, but there was no evidence of willful intent to violate the order or to harm the defense). Affording deference to the trial court's findings of fact that are supported by the record, we conclude the trial court did not abuse its discretion in implicitly finding that the prosecutor did not act with the specific intent to willfully disobey the discovery order. Although this court certainly does not condone the disobedience of a lawful order, we cannot conclude the trial court abused its discretion by allowing the State's experts to testify in this situation.

Alvarado also argues the trial court abused its discretion in denying his motion for a continuance because he needed time to properly prepare for cross-examination of the State's experts and to obtain potential rebuttal witnesses. A motion for continuance is a matter left to the sound discretion of the trial court. TEX. CODE CRIM. PROC. ANN. art. 29.06 (West 2006). We review a trial court's denial of a motion for continuance under an abuse of discretion standard. *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). To prevail, the defendant must show that he was actually prejudiced by denial of the continuance. *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995).

Alvarado's counsel contends the denial of her motion for continuance prejudiced her ability to mount a fair defense. She argues that although she had notice of the type of testimony that could be proffered, she prepared Alvarado's defense based on the law and the State's actions. Specifically, she relied on the State's failure to timely designate any experts and on the trial court's enforcement of its own discovery order precluding the testimony of undesignated experts. Alvarado maintains that to uphold the trial court's decision in this case would set an unpalatable precedent by excusing the State's violation of a statutory duty. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14. Finally, Alvarado asserts he was harmed because without the expert testimony, the State could not have admitted his blood alcohol level into evidence.

In his brief, Alvarado concedes that he did reasonably anticipate that the State would present expert witnesses at trial. Moreover, Alvarado's counsel conceded at the pre-trial hearing that she knew expert testimony was needed to introduce the blood alcohol content test results and to prove Alvarado was legally intoxicated. Thus, even before the State designated any expert, Alvarado knew that a defense against the test results needed to be prepared. Furthermore, Alvarez could access the test results through the State's open file policy — a fact the trial court considered before making its ruling. The trial court also considered that the earliest day the State's experts could be called to testify would be the second day of trial, which afforded Alvarado some time to prepare for cross-examination. Although this is a relatively short time for preparation, Alvarado does not argue or establish any prejudice to his defense which arose from his counsel's inadequate preparation time. *See Heiselbetz*, 906 S.W.2d at 511-12. Instead, Alvarado merely argues the experts should have been precluded from testifying, which argument we have rejected. Without a showing of specific prejudice, we cannot hold that the trial court abused its discretion in denying the continuance. *Id.* at 512 (bare assertion that counsel lacked

adequate preparation time does not establish prejudice). Therefore, on this record, we cannot conclude that the trial court abused its discretion in overruling Alvarado's motion for continuance.

## CONCLUSION

For the reasons stated above, we overrule Alvarado's complaints on appeal and affirm the trial court's judgment.

Phylis J. Speedlin, Justice

DO NOT PUBLISH